UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMENIC D. ROLAK,

    Petitioner,

                                 CASE NO. 06-CV-14321
v.                                HONORABLE GERALD E. ROSEN

BARRY DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**    **Introduction**

Domenic D. Rolak ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to unarmed robbery in the Wayne County Circuit Court based upon an incident which occurred on February 15, 1994. Following the revocation of his probation, he was sentenced to 5 to 15 years imprisonment on the unarmed robbery conviction on June 9, 1999. For the reasons set forth, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.**    **Discussion**

In his habeas pleadings, Petitioner raises three claims challenging his unarmed robbery conviction. First, he asserts that the prosecuting authorities who issued the complaint and warrant against him lacked probable cause for his arrest in 1994. Second, he asserts that defense counsel was ineffective for failing to investigate whether the complaint and warrant were

1

supported by probable cause. Third, he asserts that the prosecuting attorney violated his constitutional rights under 42 U.S.C. § 1983 by maliciously arresting, prosecuting, and incarcerating him without probable cause. Respondent has filed an answer to the petition contending that the claims are unexhausted and procedurally defaulted. Petitioner has filed a reply to that answer.

  A. <u>Exhaustion/Procedural Default</u>

As an initial matter, Respondent alleges that the petition should be dismissed because Petitioner has failed to properly exhaust his habeas claims in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Even though Petitioner has not fully exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it

would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's habeas claims. Further attempts at exhaustion in the state courts are likely to be futile. Additionally, the unexhausted claims lack merit and may be denied on the merits despite the lack of exhaustion.

      B.    <u>Illegal Arrest, Illegal Prosecution, and Ineffective Assistance of Counsel Claims</u>

Petitioner asserts that he is entitled to habeas relief because the police lacked probable cause for arrest, his prosecution was illegal due to the lack of probable cause, and defense counsel was ineffective for failing to investigate whether the complaint and warrant were supported by probable cause.

Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner pleaded guilty to unarmed robbery. He does not dispute the knowing, intelligent, or

3

voluntary nature of his plea in his habeas pleadings. His illegal arrest, illegal prosecution, and ineffective assistance of counsel claims are thus foreclosed by his plea, and habeas relief is not warranted on those claims.[1]

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, for the reasons stated above, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. Petitioner has not made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327, 336-37 (2003).

**SO ORDERED**.

                                                            s/Gerald E. Rosen
                                                            Gerald E. Rosen
                                                            United States District Judge

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was served upon petitioner and counsel of record on September 12, 2007, by electronic and/or ordinary mail.
                                                            s/LaShawn R. Saulsberry
                                                            Case Manager

---

[1] Additionally, to the extent that Petitioner attempts to assert a claim of malicious prosecution and a violation of his constitutional rights under 42 U.S.C. § 1983, he is not entitled to relief in this habeas case. Such a claim is more properly brought through the filing a civil rights complaint. The Court expresses no opinion as to the merits of any such action.